**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SEAN A. FAIRWEATHER,** **Plaintiff** | : | **No. 4:24cv55** |
| | : | **(Judge Munley)** |
| **v.** | : | **(Magistrate Judge Schwab)** |
| **COMFORT SUITES and CHOICE HOTELS,** **Defendants** | : | |

# MEMORANDUM

Before the court for disposition is the Report and Recommendation ("R&R) issued by Magistrate Susan E. Schwab on January 23, 2024. (Doc. 9). The R&R recommends that the court dismiss Plaintiff Sean Fairweather's complaint for lack of subject matter jurisdiction but grant him leave to file an amended complaint. Plaintiff has not filed objections to the R&R, rather he filed an amended complaint and a supplement to the amended complaint. (Docs. 10 & 11). Plaintiff intended these filings to correct the errors pointed out by the magistrate judge in the R&R. (Doc. 11).

As no objections have been filed, to decide whether to adopt the report and recommendation, we must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is

no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After a careful review, the court finds neither a clear error on the face of the record nor a manifest injustice, and therefore, the report and recommendation will be adopted. The R&R recommends granting a dismissal of plaintiff's original complaint with leave to file an amended complaint. Plaintiff, however, has already filed an amended complaint and a "supplement to complaint" in response to the R&R. Thus, instead of granting leave to file an amended complaint, the court will examine these documents to determine if plaintiff has cured the deficiencies in his pleading regarding subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and thus, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir.1993) cert. denied sub nom Upp v. Mellon Bank N.A., 510 U.S. 964 (1993). In fact, it is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Moreover, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir.1999); see generally Nelson v. Keefer, 451 F.2d 289, 293-95 (3d Cir.1971)

(finding that the federal judiciary has been too cautious in addressing the large number of cases which do not belong in federal courts). A basic requirement of pleading is that the jurisdiction of a federal court must appear on the face of the complaint. Schultz v. Cally, 528 F.2d 471, 474 (3d Cir.1975).

The face of plaintiff's amended complaint indicates that the nature of plaintiff's claim is a negligence action under the Federal Tort Claims ("FTCA"), 28 U.S.C. § 1346 against the United States.[1] The FTCA allows a plaintiff to bring certain state-law tort suits against the Federal Government when the torts are committed by federal employees acting within the scope of their employment. Brownback v. King, 592 U.S. - - ; 141 S.Ct. 740, 745-46 (2021). If a proper FTCA case is pled, then the court would have jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") Here, however, plaintiff

---

[1] Although not a model of clarity, it appears that plaintiff's amended complaint asserts that employees of Comfort Suites were looking for him on November 4 or 5 and allowed the Athens Police Department to enter a room occupied by his girlfriend's sister. At this time, however, plaintiff was already in state custody. He also complains that his automobile was "viciously keyed" while at the hotel. (Doc. 11, Am. Compl. at 2, 7). Causes of action he seeks to pursue include "motor vehicle property damage code"; defamation; deliberate indifference, slander, "mental stress", endangerment, and violation of Fourteenth Amendment rights. (Id. at 9). He seeks money damages, a replacement vehicle, and lost wages. (Id.)

has not alleged action by any Federal entity; thus, the court does not have federal question jurisdiction under the FTCA.[2]

The second manner in which a United States District Court may properly exercise jurisdiction over a case is under the diversity jurisdiction statute, 28 U.S.C. § 1332. This statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]").

The R&R points out that the original complaint failed to allege facts from which it can be reasonably inferred that complete diversity of citizenship exists between the parties. (Doc. 9, R&R at 5). The R&R further instructed plaintiff on several principles regarding diversity jurisdiction. (Id.) First the R&R noted that for purposes of diversity jurisdiction, citizenship means domicile, not residence. (Id.) Second, the R&R defined domicile as where a person is physically present with an intent to remain in that state. (Id. at 6). The R&R then provided information with regard to establishing the citizenship of a prisoner as it appears

[2] Similarly, plaintiff's original complaint asserted a Civil Rights Action under 42 U.S.C. § 1983. To sustain a section 1983 action, the conduct complained of must have been committed by a person acting under color of state law. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). The R&R pointed out that he failed to allege any state actor violated his constitutional rights, and therefore, the court did not have federal question jurisdiction. (Doc. 9, R&R at 4).

plaintiff is incarcerated at the State Correctional Institution at Dallas, Pennsylvania. (Doc. 11, Am. Compl. at 2). The R&R then provided information on determining the citizenship of a corporation, that is where its principal place of business is and its state of incorporation. (Doc. 9, R&R at 6).

Despite this guidance from the court, plaintiff nonetheless fails to properly allege diversity jurisdiction in the amended complaint. The supplement to the Amended Complaint provides that plaintiff was born in the Bronx, New York and has been a Pennsylvania resident for over twenty-four years. (Doc. 10 at 1).[3] As noted by the R&R, however, residency does not equate with citizenship for purposes of the diversity statute. Moreover, the plaintiff does not address at all, the rules to determine citizenship with regard to prisoners.

As to the defendant, plaintiff provides the address of where the Comfort Inn & Suites is located in Bradford County, Pennsylvania, but provides none of the information from which the court could determine the hotel's citizenship. (Doc. 10 at 2).

---

[3] Plaintiff indicates that this supplement is an "attachment/brief" to his amended complaint that he was "ordered to fix" by the Magistrate Judge. (Doc. 10 at 5).

Because the amended complaint does not correct the jurisdictional flaws found in the original complaint, the court will dismiss this case with prejudice for failing to properly assert this court's jurisdiction.[4] An appropriate order follows.

**Date:** 2/23/24

**JUDGE JULIA K. MUNLEY**
**United States District Court**

[4] Although dismissal is with prejudice, plaintiff is not precluded from bringing his claims in a court with proper jurisdiction.